Frost, J.
dissenting. The decree of the Ordinary established that Lucy D. Peeples, the mother of Darling G. Peeples and of Brown’s wife, the actual plaintiffs in this suit, was indebted to each of them, in the sum of $801 62, on account of their father’s estate. This decree is, prima facie, evidence to charge the defendants. They may reduce the amount of their liability by proving credits, which should have been and were not allowed in the account before the Ordinary. For this purpose they produced, in evidence, the record of proceedings in the Court of Equity, for the partition of Lucy D. Peeples’s estate.— No administrator of Lucy D. Peeples was a party. The proceedings abated before any account of her estate was taken. A partition of the slaves of her estate' was decreed. The plaintiffs received their share. The defendants claimed that the value of these shares should be allowed as a credit; and deducted from the amount of the Ordinary’s decree; and a verdict rendered for the plaintiffs only for the balance. At the trial, the credit was not allowed; on the ground that the defendants should have claimed that credit in the Court of Ordinary ; and were estopped, by the decree, to. claim it in this action. I con *78 cur in the judgment of the Court which decides that the defendants were not estopped. But the set off was not allowed on the additional ground, that it could not be claimed, as a credit, at all. It is from the judgment of the Court, that the plaintiffs’s distributive share of their mother’s estate may be set off, by the defendants, against the amount of the Ordinary’s decree, that I dissent.
Immediately on the death of Lucy D. Peeples, all her estate was, by law, vested in her next of kin. The plaintiffs were entitled to a share. They have received their share of the slaves of their mother’s estate. The decree of the Ordinary was rendered for a portion of their father’s estate, which their mother, as administratrix, had received and appropriated to her own use. To permit the defendants to apply the value of the plaintiffs’s share of their mother’s slaves, in payment of the decree, is, in effect, to enable the defendants to pay their debt to the plaintiffs with the plaintiffs’s property. The plaintiffs’s share of their mother’s slaves is, substantially, transferred to the defendants.
It may be objected that the plaintiffs are entitled to the slaves they have received, only on the condition that all of Lucy D. Peeples’s debts are paid. If that were admitted, the defendants cannot demand of the plaintiffs the slaves they have received, even if the debts are not paid. The administrator of Lucy D. Peeples alone can demand them. The debt due to the plaintiffs, by their mother, is a charge on her whole estate. The plaintiffs may be required to contribute to its payment, rateably with the other distributees ; but they are not subject to have their entire share of the estate so applied. They are liable only to contribution. That cannot be enforced in this action. It will be no defence to the plaintiffs, if hereafter called to account by the administrator of Lucy D. Peeples, for contribution, that the defendants in this suit have appropriated the value of the slaves which the plaintiffs recovered from their mother’s estate. The plaintiffs cannot take an account of their mother’s estate in this Court. It cannot grant administration, nor call in the creditors and distributees of Lucy D. Peeples, nor adjust the accounts be *79 tween the necessary parties to an account. If the defendants are permitted to seize the slaves which, on the partition of their mother’s estate, were assigned to the plaintiffs, and appropriate the value of them in payment of the debt, which has been decreed to be due to them, on account of their father’s estate, they must be condemned without the opportunity of defence.
In the case of the Ordinary vs. Wallace, (2 Rich. 460,) a son of the intestate obtained a decree of the Court of Equity, against the administrator of his mother, who was the widow and ad-ministratrix of the intestate, on account of his distributive share of his father’s estate. In an action by the son against her sureties, they claimed to set off, against the decree, the third of certain property of the deceased, which had been consumed by the plaintiff, and to which the administratrix was entitled. The set off was not admitted. The names of the parties in this case may be substituted for the names of the parties in Wallace's case, and the opinion of the Court have a proper application. It was in that case adjudged “ that the matter proposed to be drawn in controversy, in this Court, formed, in no way, part of the case in Equity. It was alleged that A. W. Daly, the child of John Daly, (the intestate) had received part of his father’s estate, of which his mother was entitled to one-third. The answer to that is clear; that the administrator of Sarah Daily, (the administratrix of John Daily) must, first, establish this demand against A. W. Daly; or that by some proceeding in Equity, at the instance of the surety, against A. W. Daly, and the administrator of Sarah Daly, he, a. W. Daly, must be allowed the opportunity of contesting the allowance of this claim, and having the accounts between him and his co-distributee audited. So, too, it may be, for aught we can know, that in a course of due administration, the administrator of Sarah Daly may be compelled to apply a part of this very fund to the payment of other debts. It is true, in Equity, the claim, now set up, might be allowed, as an equitable set off; but we are not Judges of Equity.”

Motion granted.